[No. 46156.  En Banc.  January 24, 1980.]

JESUS MEDRANO, *Appellant,* v. THE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
*Respondent.*

GUADALUPE VALADEZ, ET AL, *Respondents,* v. THE
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, *Appellant.*

*Nashem, Prediletto, Schussler & Halpin* and *William L. Halpin,* for Medrano and Valadez, et al.

*Slade Gorton, Attorney General,* and *Donald Foss, Jr.,*
*Assistant,* for Department of Social and Health Services.

ROSELLINI, J.—We are asked to interpret RCW 74.04.530,
to determine how certain subrogation rights of the Depart-
ment of Social and Health Services (Department) are to be
computed.

In the Medrano case, the trial court entered a judgment
for the Department. The cases of Valadez, Martinez and
Cicil were heard in a different court, which ruled against
the Department. The four cases, having one legal issue,
were consolidated in this court.

The parties to this appeal, other than the Department,
are injured workmen who received public assistance for
themselves and their families, residing with them, during
the periods in which their applications for industrial insur-
ance were pending. Under RCW 74.04.530,[1] the Depart-
ment became subrogated to the right of each workman to
recover time loss payments from the Department of Labor
and Industries. That subrogation was limited to "up to
eighty percent" of such time loss payments or the public
assistance payments which the workman had received,
whichever was less. This right was further limited by a
proviso and it is the intent and effect of this proviso which
forms the issue before us here.

It will be seen that the proviso says that where public
assistance has been furnished to one or more persons to

---

[1]"Notwithstanding any provisions in Title 51 RCW to the contrary, by accept-
ing public assistance from the department of social and health services, the recip-
ient thereof shall be deemed to have subrogated said department to the
recipient's right to recover net time loss compensation due to such recipient pur-
suant to the provisions of Title 51 RCW of up to eighty percent of the extent of
such assistance or compensation, whichever is less, furnished to the recipient for
or during the period for which time loss compensation is payable: *Provided,* That
where public assistance has been furnished to one or more persons to whom such
a recipient owes a duty of support, whether such duty has been expressed by an
order of court or otherwise, the department's right to recover any time loss com-
pensation shall be limited to that part of such compensation allocated to such
persons by RCW 51.32.090: . . ." RCW 74.04.530.

whom the workman owes a duty of support, the Department's right to recover time loss compensation shall be limited to that portion allocated to such persons by RCW 51.32.090. The parties are agreed the only applicable subdivisions of that section are the first two. They provide:

(1) When the total disability is only temporary, the schedule of payments contained in subdivisions (1) through (13) of RCW 51.32.060 as amended shall apply, so long as the total disability continues.

(2) Any compensation payable under this section for children not in the custody of the injured worker as of the date of injury shall be payable only to such person as actually is providing the support for such child or children pursuant to the order of a court of record providing for support of such child or children.

RCW 51.32.060, referred to in RCW 51.32.090(1), provides for monthly payments to a workman permanently disabled. The amount of such payments is determined in part by the number of dependents (spouse and children) the workman has.

As RCW 74.04.530 recognizes, public assistance and time loss payments to a given family are not equal. The problem before us arose because the amount of public assistance payments allotted to the head of the household is less than the amount of time loss payments so allotted; and the amount of public assistance payments allotted to his dependents is greater than the amount of time loss so allotted. The total amount of public assistance is less than the total amount of time loss. Consequently, if the Department's subrogation right is calculated with respect to the lesser total, it will be 80 percent of the total public assistance paid. But if it is calculated with respect to the lesser amount allocated to the workman (public assistance) and with respect to the time loss payments allocated to the children, it will be less than 80 percent of the total public assistance paid for the family. The issue is whether the legislature intended the latter calculation to be used with respect to all children supported by the workman.

■ It is agreed by the parties that when the proviso to RCW 74.04.530 speaks of persons to whom the recipient owes a duty of support, it refers to his spouse and children, but the argument of the Department is that the proviso was meant to apply only when the particular dependent is not living with the workman.

We find nothing in the language of the proviso, or in RCW 51.32.090, to support that theory. The proviso makes no mention of custody or living arrangements. Subdivision (1) of RCW 51.32.090 incorporates RCW 51.32.060, which "allocates" payments to dependents, in the sense that it makes the amount of time loss depend upon the number and class of dependents. Neither of these provisions conditions such payments upon the workman's having custody. Subdivision (2), which is the paragraph in which the Department finds authority for its position, speaks of children not in the custody of the workman, but only for the purpose of designating the person *to whom* the time loss payments allocated to such children shall be paid. It denies the workman the right to receive such payments only if he is not actually supporting the child. If he is providing support for the child pursuant to court order, it matters not that the child is in the custody of another.

So, even though we assume, as the Department argues, that the proviso was not meant to refer to subdivision (1) of RCW 51.32.090,[2] there is nothing in subdivision (2) which supports a theory that the legislature intended that payments for children should be measured by time loss payments only when such children were not in the custody of

---

[2]The theory of the Department is that the legislature, had it meant the proviso to incorporate the allocation provisions of RCW 51.32.060, would have directly referred to that section, since subdivision (1) does not directly allocate payments. Whatever the legislature's reason for incorporating RCW 51.32.090, rather than .060, the fact is that subdivision (1) of .090 is the only part of that section which makes any provision for allocation of benefits to dependents, either directly or indirectly. Consequently the proviso must have been intended to refer to this paragraph.

the workman. The most that can be gleaned from the proviso to RCW 74.04.530, when read in conjunction with this subdivision, is that subrogation need not be calculated with reference to time loss payments allocated to a child, if support for that child is actually being furnished by a third party. That is not a situation involved in this case.

It was the apparent intent of the legislature that subrogation should be based upon time loss payments wherever public assistance has been furnished to one to whom the workman owes a duty of support. The amount of such time loss payments allocated to the dependent can be determined only by turning to RCW 51.32.060, as provided in RCW 51.32.090(1).

The Department does not suggest a logical purpose which would have moved the legislature to restrict subrogation only in cases where the workman does not have custody of his children. On the other hand, the workmen point to the fact that at best, public assistance provides a meager subsistence, and a family must be virtually destitute before that assistance is available. Having in mind the special hardship on the family of an injured workman, the legislature may well have concluded that no more than 80 percent of the time loss paid on behalf of a defendant should be recovered in subrogation, time loss in every case being less than the amount of public assistance allocated to a dependent. This, at least, is the intent which we find expressed in the statutes.

The judgment in Medrano v. Department of Social and Health Services is reversed. In the remaining cases, the judgments are affirmed.

UTTER, C.J., and STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.